# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara L. Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 10/20/2025

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

Re: **United States v. August Arias**, 25 Cr. 22 (VSB)

Dear Judge Broderick:

I write, with the consent of Pretrial Services, to respectfully request that the Court modify the conditions of Mr. Arias's bail to remove the conditions of a curfew and location monitoring. The Government opposes this request.[1]

On January 21, 2025, Magistrate Judge Sarah L. Cave imposed bail conditions including a $50,000 personal recognizance bond to be co-signed by two financially responsible people and home detention with electronic monitoring. On May 21, 2025, the Court granted Mr. Arias's request to modify his bail conditions to replace home detention with a curfew and location monitoring with hours and technology to be determined by Pretrial Service.

On October 7, 2025, Mr. Arias appeared before the Court for a change of plea hearing and pleaded guilty pursuant to a plea agreement to unlawful interstate transportation of a firearm. This offense carries a maximum term of imprisonment of five years. Pursuant to the plea agreement, Mr. Arias stipulated that his applicable guideline range is 21 to 27 months. The sentencing hearing is scheduled for January 23, 2026.

Mr. Arias has been under the supervision of Pretrial Services for 10 months. He has worn an ankle monitor the entire time, first on home detention for five months and thereafter subject to a curfew. There is no longer a need to restrict his liberty in this way. His compliance with the conditions of his release has been flawless and continues to this day. Mr. Arias has more incentive now than ever to demonstrate to the Court that he is genuinely committed to living a law-abiding and productive life. Mr. Arias's track record provides clear and convincing evidence that he is not

---

[1] The Government indicated that it opposes the request in light of the fact that Mr. Arias is awaiting sentencing and, therefore, poses an increased risk of flight.

likely to flee or pose a danger to any other person or the community.  See 18 U.S.C. § 3143(a)(2).

Therefore, I respectfully request that the Court modify Mr. Arias's bail conditions to remove the conditions of a curfew and location monitoring.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ *Amy Gallicchio*

_____

Amy Gallicchio
Assistant Federal Defender
Office: (212) 417-8728
Cell:    (917) 612-3274

cc:   AUSA Meredith Foster
      PTSO Jonathan Lettieri